IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

**CALVIN MONTGOMERY**,

Petitioner,

v.                                                                                  No. 16-0279-DRH

**UNITED STATES OF AMERICA,**

Defendant.

**MEMORANDUM and ORDER**

**HERNDON, District Judge:**

  Now before the Court is a letter Calvin Montgomery filed in his closed criminal case which has been construed and filed as a civil 28 U.S.C. § 2255 petition (Doc. 1). This is not Montgomery's first § 2255 petition. On May 12, 2010, Montgomery filed a 28 U.S.C. § 2255 petition. *See Montgomery v. United States*, 10-0356-DRH (Doc. 1). On June 12, 2012, the undersigned dismissed with prejudice that petition and judgment was entered. *Id.* at Docs. 31 & 32. Thereafter, Montgomery appealed to the Seventh Circuit Court of Appeals. *Id.* at 33. On June 28, 2013, the Seventh Circuit issued its Mandate denying

the petition for rehearing en banc and denying Montgomery's request for certificate of appealability.  *Id.* at Doc. 48.

Because Montgomery previously filed a § 2255 petition, his current motion is a "second or successive motion" within the meaning of § 2255(h), which says that "[a] second or successive motion must be certified as provided by [28 U.S.C. § ] 2244 by a panel of the appropriate court of appeals" before it may be allowed to proceed. 28 U.S.C. § 2255(h). "From the district court's perspective, [ § 2244(b) ] is an allocation of subject-matter jurisdiction to the court of appeals. A district court *must* dismiss a second or successive petition, without awaiting any response from the government, unless the court of appeals has given approval for its filing." *Nuñez v. United States,* 96 F.3d 990, 991 (7th Cir. 1996); *see also* 7th Cir. Rule 22.2 (providing a procedure for prisoners to seek leave to file a successive motion under § 2255); *Melton,* 359 F.3d 855, 856–57 (7th Cir. 2004) (the petitioner's "application in 1997 used up the only collateral attack allowed as of right, and the district court thus lacks jurisdiction to entertain any further collateral proceedings unless this court first grants permission under § 2244 and § 2255 ¶ 8") (citation omitted).

As to authorization, Montgomery has not provided the Court with the required authorization from the Seventh Circuit Court of Appeals and this Court cannot provide Montgomery with the authorization to proceed with this 2255 petition.  Without such an order, the Court cannot proceed.

Accordingly, the Court **DISMISSES** for lack of jurisdiction Montgomery's 28 U.S.C. § 2255 petition.  Montgomery shall seek authorization from the Seventh

Circuit Court of Appeals if he wishes to seek further relief.   If the Seventh Circuit Court of Appeals issues Montgomery authorization to file a successive 28 U.S.C. § 2255 petition, he may file the petition with this Court.

**IT IS SO ORDERED.**

Signed this 21st day of March, 2016.

Digitally signed by
Judge David R. Herndon
Date: 2016.03.21
12:06:07 -05'00'

**United States District Court**